[Civ. No. 5586.   Fourth Dist.   Jan. 17, 1958.]

CLYDE HARTWIGSEN et al., Respondents, v. CLARENCE W. DITTO et al., Appellants.

James C. Webb for Appellants.

Tobias & Whitlock for Respondents.

MUSSELL, J.—Defendants appeal from a judgment for plaintiffs in an action for damages, fraud and deceit. In September, 1951, the defendants, who owned a chicken ranch in Orange County, listed the property for sale and Paul Kelby, a real estate salesman, was employed by them to assist in conducting and negotiating a sale of the property. Defendants had been operating the ranch without a use variance permit from the Board of Supervisors of Orange County and Kelby informed defendant Clarence Ditto that he should have such a permit in order to consummate a sale of the premises. In October, 1951, Ditto called on Mr. Walter Weimer, a planning commissioner for the district, regarding a permit for a variance for his chicken ranch and was informed that Weimer would call on him when he received the variance papers. On or about October 27, 1951, Weimer inspected the premises and told Ditto that the variance ought to be denied on account of the condition of the premises. Ditto promised to clean the ranch up in a very short time and stated that a three-year limit "would suit him very well." Weimer then stated that if Ditto would clean the place up, he (Weimer)

would recommend the granting of a three-year permit. In November, 1951, Ditto's application for a permit was passed upon by the board of supervisors and Ditto, who was present at the meeting, was informed by the board that he would be given three years in which to clean up and dispose of his holdings there, that is, "clean it up and get rid of it. By that the board definitely meant that he would discontinue the use of the property for chicken ranch purposes." On November 8, 1951, a use variance permit was issued by the board for a period of three years, subject to the conditions stated.

Plaintiff Clyde Hartwigsen testified that about September 15, 1951, Kelby showed him the property involved; that on December 18, 1951, plaintiffs again visited the ranch and discussed terms of sale with Ditto; that the question of a land use variance permit to operate the property as a chicken ranch came up and Ditto stated that he (Hartwigsen) had "nothing to worry about"; that he (Ditto) had obtained a permit to operate as a chicken ranch and that this was the "place for chickens on account of there being so many in that area"; that on December 20, 1951, plaintiffs and defendants entered into a written agreement wherein plaintiffs agreed to buy and defendants to sell the ranch and equipment for the sum of $18,000; that he took possession of the property December 27, 1951, on which date Ditto handed him the permit which he had obtained from the board of supervisors and stated that he (Hartwigsen) "didn't need it," that he (Hartwigsen) had "nothing to worry about at all, it was the place for chickens"; that about a week later he (Hartwigsen) noticed the three-year limitation in the permit and asked Ditto about it; that Ditto said there was nothing to worry about, that it could be renewed; that in March, 1954, he applied for a renewal or extension of the permit and that the planning commission recommended denial of the application; that at a subsequent hearing before the board of supervisors, one of the supervisors stated that Mr. Ditto had been told at the time he got his permit that it would not be renewable under any circumstances; that the board then denied the application for a renewal and that had he known that Ditto had been informed that the permit would not be renewed, he would not have purchased the property; that he relied upon the representations made by Ditto; that when his application was denied by the board, he quit replacing chickens on the ranch, served notice of rescission of the contract, and on August 25, 1954, filed this action.

The trial court found, in substance, that the representations and statements of defendant Ditto to plaintiffs as to the renewal of the permit for a use variance were falsely and fraudulently made and that in truth and in fact the said permit was not renewable as represented. Judgment was entered for plaintiffs for $3,700 "the difference between the actual value of that which plaintiffs parted as consideration for the purchase of said property, and the actual value of the property received by plaintiffs."

In *Hobart* v. *Hobart Estate Co.*, 26 Cal.2d 412, 422 [159 P.2d 958], the court said:

"In general, to establish a cause of action for fraud or deceit plaintiff must prove that a material representation was made; that it was false; that defendants knew it to be untrue or did not have sufficient knowledge to warrant a belief that it was true; that it was made with an intent to induce plaintiff to act in reliance thereon; that plaintiff reasonably believed it to be true; that it was relied on by plaintiff; and that plaintiff suffered damage thereby. In determining the sufficiency of the evidence to meet these requirements we must, in view of the verdict, resolve all conflicts in plaintiff's favor and draw all permissible inferences necessary to support the judgment." (See also *Gonsalves* v. *Hodgson*, 38 Cal.2d 91, 100 [237 P.2d 656].)

In the instant case, there is substantial evidence to support the judgment. The representation made by Ditto that he had a permit to operate the chicken ranch, when in fact the permit was issued to him only for the purpose of allowing him to clean up the place and dispose of his holdings, and he had been informed that there would be no renewal of the permit, was a false and material representation, known to Ditto to be false. Plaintiffs relied upon the statements of Ditto and would not have purchased the property if they had known that the permit could not be renewed and the circumstances under which it had been granted. Since the plaintiffs were unable to operate the property as a chicken ranch, the court properly found that they suffered damages measured by the rule stated in section 3343 of the Civil Code. (*Bagdasarian* v. *Gragnon*, 31 Cal.2d 744, 752 [192 P.2d 935].) That section provides, in part, as follows:

"One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any

additional damage arising from the particular transaction.''

The record shows that plaintiffs paid the sum of $18,000 for the property and that there was a conflict in the evidence as to the value of the property received. However, the award of the sum of $3,700 as damages is supported by substantial evidence, as there was testimony that the value of the property received was between $12,000 and $13,526.

Appellants argue that the evidence is insufficient to show that the appellant Cora Ditto participated in or had knowledge of the acts and representations of her husband. While she testified that she did not know anything about the permit obtained by her husband until the escrow instructions were signed, the record shows that she was a coowner of the property sold, entered into the sale and received part of the consideration for the transaction. Under the circumstances shown, a prima facie case of agency as between the appellants was made out. (*Miller* v. *Busby*, 101 Cal.App.2d 83, 91, 92 [224 P.2d 754].) The evidence is sufficient to support the judgment against the appellant Cora Ditto.

Appellants argue that plaintiffs were guilty of laches in that they failed to serve notice of rescission of contract because of an apparent shortage of chickens sold with the ranch. However, this is an action for damages for fraud or deceit and was brought within the statutory period of limitations. The contention of appellants in this connection is without merit.

Appellants further argue that they were denied a fair trial by reason of the trial court's ruling on admission of evidence. We have examined the record in this connection and find no reversible error in the rulings made.

Judgment affirmed.

Barnard, P. J., and Waite, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.